KELLY, Respondent, v. WILLIAM J. MERRITT CO. et al., Appellants. (City Court of New York, General Term. March 2, 1900.) Action by Hugh G. Kelly against the William J. Merritt Company and another. Judgment for plaintiff, and defendants appeal. Judgment reduced and affirmed. Alexander S. Andrews, for appellant W. J. Merritt Co. Stedman & Larkin, for appellant Continental Real-Estate Holding & Building Co. John J. Brady, for respondent.

CONLAN, J. This is an appeal from a judgment in favor of the plaintiff and against the defendants. The action is brought for the foreclosure of a mechanic's lien filed by the plaintiff

against the premises Nos. 7 and 9 West Eighteenth street, New York City. The work was done under two separate contracts, the first of which was in writing, and called for work and materials in the amount of $1,050, and on which it is admitted the sum of $900 has been paid, leaving a balance of $150. The second was a verbal contract, on which it was agreed that $1,200 should be paid for the work to be done and the materials furnished thereunder. On the last contract it is admitted nothing has been paid. It is perfectly clear to us that there can be no recovery in the present action to enforce the lien for the balance due under the first contract, for the evidence is plain that the lien was not filed within the statutory time after the contract was fully completed and performed. It has been seen that the amounts claimed to be due are not in dispute. The only remaining question for us to determine is, was the lien filed within the time fixed by law, as far as the amount due on the second contract is concerned? We are forced to answer that question in the affirmative. An effort was made, as is disclosed by the evidence, to defeat the plaintiff's right to a lien by several conveyances of the property, so as apparently to confuse or mislead the plaintiff as to the real ownership, and the true situation of the same; and this should not be permitted to weigh against the claim and right of plaintiff in the premises. We are satisfied, from a careful examination of the record, that the work was not completed within the time alleged by the defendant, and that under the verbal or second contract the plaintiff acquired a good and sufficient lien upon the property by the filing of the notice on the 15th day of March, and which was fully within the period of 90 days after the completion of the work, as fixed by the statute. Having reached this conclusion, it follows that the judgment against the William J. Merritt Company for $1,350 should stand, and that the sum of $150, together with the interest which has been computed thereon and included in the amount of the judgment for the enforcement of the lien herein, should be deducted from the whole amount of such judgment, and as to the balance thus remaining the judgment should be affirmed, with costs.

O'DWYER, J., concurs.

PER CURIAM. Judgment affirmed, with costs.

